**United States District Court**
**Northern District of New York**

Reuben Avent,

      Plaintiff,

      42 Civ 1983   1:19-CV-831 (BKS/DJS)

V.

      JURY DEMAND

**Platinum Plus Auto Protection,**
**Christina Strain, and PayLink Direct,**

      Defendants.

---

1. The plaintiff Reuben Avent, being over the age 18, deposes and states under the penalty of perjury alleges;

2. That the defendants; Christina Strain, Platinum Plus Auto Protection and PayLink Direct all used fraud, misrepresentation, unfair and deceptive businesses practices, to violate Plaintiff's civil rights under 42 USCA ££ 1981,1983 and 1988.

3. This court has jurisdiction over the action as all defendants are equally based in another state out side of New York State where the alleges violations took place.

      **STATEMENT OF FACTS**

4. On April 10th, 2019 through phone solicitation by defendant Christina Strain and through and in the interest of registered company defendant Platinum Plus Auto Protection, as a sales person for the above stated defendant, did knowingly and willfully misrepresent an offer of insurance warranty protection on Plaintiff's Mercedes Benz automobile he recently purchased on March 20th, 2019.

5. Defendant used fraud and misrepresentation to retrieve a down payment from plaintiff of $395.00 based on a service contract of $4,579.00 last for five years in which a third party co company defendant PayLink Direct will loan plaintiff in which he would pay back over a course of a year, in monthly payments.

6. Defendant Christina Strain did misrepresent the terms of such contract to be a unconditional insurance guarantee over the vehicle's engine and all related mechanics of the vehicle and provide IMMEDIATE tow and road side assistance, as well as hotel service without dispute.

7. However, on April 30th 2019 or so plaintiff received a written contract, ~~see exhibit "A"~~ RA depicting each party's role in this action ibid., PD1, which contradicted the offer made by defendant Christina Strain, citing a $100 deductable, a statement that "Coverage listed in Your Agreement is not subject to any verbal representation made by the seller of this contract," ibid., Page 2, showing the clear knowledge of the involved defendants Platinum Plus Auto Protection and PayLink Direct of defendant's propensity to misrepresent and use fraud to obtain security payments and enter into a unfair loan and un-accepted contract with mail fraud duress.

8. Defendants assumed that plaintiff would equally bargain away his access to the courts rights as a part of an agreement or/and contract never materialized to him during a phonecall. Defendant PayLink Direct assisted by these defendants attempt to force this mailed contract and loan on him and not only withhold his down payment funds but charge his credit of the full amount of a loan he did not ever agree to, ibid., P.4 and his right to trial by jury.

9. Equally, plaintiff found out another contradiction in Defendant Strain's statement, ibid., P.5, that none of the alleges insurance protection payment services are immediate but also third

party endorsed. Basically plaintiff would have to pay for everything himself, including tow and road side assistance and apply for a refund later and possibly with several other companies.

10. Plaintiff also found out the defendant lied about the absolute coverage of the vehicle, as the contract is extremely limited in any coverage at all, id., et seq. and the contract itself is RICO in it's nature as it states on one hand that the contract doesn't start until 30 days has started by on p. 7 this is contradicted with the coverage starts on the sale date of this agreement.

11. Disgusted by the lies told by Defendant Christina Strain and how unfair the contract was not only in regards to the oral misrepresentations made by Strain, whom represented that Avent's vehicle engine and all related parts would be absolutely and unconditionally insured and protected and he would receive immediate protection, but the entire contract is forcing people into a contract without their knowledge or consent and into a loan and debt without any significant agreement or contract.

12. Plaintiff then called Platinum Plus Auto Protection several times after receiving this contract, exhibit, attempting to ask for a refund of his security of $395.00 during the dates of May 1st, 2019 to date attempting to get his refund, however, each time he gets an answering machine. Yes, for months an answering machine picked up and never once did Platinum Plus Auto Protection employees answer Avent's messages or pick up the phone.

13. Plaintiff equally called defendant PayLink Direct, and specifically told them he did not want to accept those contract terms and wanted his money back and could not get in contact with Platinum Plus Auto Protection at all, as they would not respond to his recorded messages not answer the phone.

14. Defendant PayLink Direct stated the terms were final and that Avent had incurred a $4,000 dollar debt all based on a phone call with defendant Christina Strain, and instituted collections on that debt based on a contract he never seen or agreed to which has no force in law. Plaintiff was harassed and intimidated by defendant PayLink Direct constantly with phonecalls asking for their money loaned to him and instituted collections that damaged his credit rating and destroyed his chances of securing a loan on a home.

15. Plaintiff made good faith efforts to quash the unfair agreement falsely alleged by all defendants and asked for his refund, even by filing a better business complaint in which defendants refused and unlawfully and in violation of their own contract attempted to force him into in doing so. Defendants all illegally retained plaintiff's down payment and refused to process refund of deposit and never rendered any agreeable service to plaintiff at anytime.

### As for the First Cause of Action against All defendants in their official and individual Capacities in violation of Plaintiff's 42 USCA 1981 Civil Rights

Sec. 1981. Equal rights under the law

(a) Statement of equal rights

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

16. Plaintiff re-alleges and re-states paragraphs n.1 thru 15 anew and as same were exerted here, that all defendant did deny plaintiff of every benefit to decide to make or deny contracts, give evidence and receive the full benefit of all laws and proceedings for the security of persons and property as everyone else.

17. Plaintiff Alleges compensatory damages of $1,000,349.00 with interest and attorney fees and costs.

18. Plaintiff also alleges punitive damages of $1,000,000 dollars for this cause of action. Plaintiff demands a jury trial for this claim.

### As for the Second Cause of Action
### Under the same title Section (b) against
### All defendants in their official and individual
### Capacities

19. ibid., (b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

20. Avent re-alleges and restate paragraphs n.1 to and through n.15 that plaintiff was denied his civil rights to "make and reject" contracts, as well as termination of any or all allege contracts by defendants individually and jointly as well as the denial of the full enjoyment of all associated and related privileges, benefits, terms and condition.

21. Plaintiff alleges compensatory damages of $1,000,349.00 dollars with interest and attorney fees and cost.

22. Plaintiff also alleges punitive damages of $1,000,000 dollars for this cause if action.

23. Plaintiff realleges and restate paragraphs 1 through 22 and further alleges that defendants equally violated same act Sec.(c) Protection against impairment. The rights

protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

And 42 USCA 1988. Proceedings in vindication of civil rights

   (a) Applicability of statutory and common law

   The jurisdiction in civil and criminal matters conferred on the district courts by the provisions of titles 13, 24, and 70 of the Revised Statutes for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United

States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State

wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of

punishment on the party found guilty.

   24. Plaintiff demands compensation of $100,000 and $100,000 dollars in punitive damages, as well as attorney fees and costs from all defendants, jointly and severally. Plaintiff requests a jury trial on this claim.

   **As for the THIRD CAUSE OF ACTION unfair and deceptive practices  Against  All defendants**
      **Jointly and severally**

   25. Plaintiff restates and realleges paragraphs "1" thru "24" and further alleges that defendants did knowingly and intentionally deny plaintiff of his 14th Amendment rights of the

United States Constitution by using unfair and deceptive practices to unlawfully obtain plaintiff's property and to unlawfully accrue an illegal debt in a fully illegal manner.

26. Plaintiff demands $1,000,349.00 dollars in compensation for pain and suffering, 1,000,000 for the adverse consequences of all defendants' actions and 2,000,000 in punitive damages against all defendants jointly and severally. Plaintiff demands a jury trial for this cause of action.

27. Plaintiff equally demands an injunction compelling defendants to return plaintiff's 349.00 dollars deposit with interest and request for fees and cost.

**WHEREFORE** , Plaintiff request for any further relief this court may see as fit and just.


I Reuben Avent declares the foregoing is true and accurate to my knowledge under the penalty of perjury

*[signature]*

Reuben Avent
300 West 147 St.
Apt.1A

New York, N.Y.
10039