**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

REUBEN AVENT,

                                        Plaintiff,

            - v -                                           Civ. No. 1:19-CV-831
                                                                    (BKS/DJS)

PLATINUM PLUS AUTO PROTECTION, *et al.*,

                                        Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

REUBEN AVENT
Plaintiff, *Pro Se*
300 West 147 Street
Apt. 1A
New York, NY 10039

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent for review a civil Complaint filed by Plaintiff *pro se* Reuben Avent.  Dkt. No. 1, Compl.  Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *in forma pauperis* ("IFP").  Dkt. No. 2, IFP App.  By separate Order, this Court granted Plaintiff's Application to Proceed IFP.  Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

# I. DISCUSSION

## A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted).  Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).  Although the

2

court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* at 678 (further citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

### B. Allegations Contained in Plaintiff's Complaint

The Complaint alleges that on April 10, 2019, Defendant Strain, a salesperson for Defendant Platinum Plus Auto Protection ("Platinum"), misrepresented an offer of car insurance to Plaintiff over the phone. *Id.* at ¶ 4. Plaintiff then made a down payment of $395 on the contract, which was for a total of $4,579. *Id.* at ¶ 5. Defendant Paylink Direct ("PayLink") was to loan Plaintiff the remainder of the contract amount, which Plaintiff

Case 1:19-cv-00831-BKS-DJS   Document 5   Filed 07/29/19   Page 4 of 8


would pay back over the course of a year. *Id.* Plaintiff alleges that Defendant Strain misrepresented the terms of the contract, and when Plaintiff received the written contract, it contained a number of terms that were either inconsistent with the representations made by Defendant Strain over the phone, or were never conveyed to Plaintiff over the phone. *Id.* at ¶¶ 5-11. Plaintiff alleges that he was therefore forced into the contract without his knowledge or consent. *Id.* at ¶ 11. Plaintiff has called Defendants Platinum and Paylink to request a refund of his down payment numerous times, but both Defendants have been unresponsive. *Id.* at ¶¶ 12-13. Defendant Paylink has asserted that Plaintiff now owes a $4,000 debt based on the contract, and has instituted collections on that amount, damaging his credit rating and affecting his ability to obtain a home loan. *Id.* at ¶ 14.

Plaintiff alleges that Defendants used fraud, misrepresentation, and unfair and deceptive business practices to violate his civil rights under 42 U.S.C. §§ 1981, 1983, & 1988. *Id.* at ¶¶ 2 & 15-27. He demands over $8 million in compensatory and punitive damages, and demands an injunction compelling Defendants to return his down payment. *Id.* at ¶¶ 17-18, 21-22, 24, 26, & 27.

### C. Sufficiency of the Pleading

#### 1. Plaintiff's Section 1983 Claim

Plaintiff alleges his civil rights under 42 U.S.C. § 1983 were violated. *See* Compl. at ¶¶ 3 & 25. To make out a claim under 42 U.S.C. § 1983, "[t]he conduct at issue 'must have been committed by a person acting under color of state law' and 'must have deprived

a person of rights, privileges, or immunities secured by the Constitution or laws of the

United States.'" *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010).  A private individual

can also be subject to a Section 1983 claim in limited circumstances.

> A private defendant may be held liable only as "a willing participant in joint
> activity with the State or its agents." *Adickes v. S.H. Kress & Co.,* 398 U.S.
> 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) (quoting *United States v. Price,*
> 383 U.S. 787, 794, 86 S.Ct. 1152, 16 L.Ed.2d 267 (1966)). Claims under §
> 1983 can be brought against private entities by "showing that a person
> acting under color of state law . . . collaborated or conspired with a private
> person . . . to deprive the plaintiff of a constitutional right." *Fries v. Barnes,*
> 618 F.2d 988, 990 (2d Cir. 1980) (citing *Adickes,* 398 U.S. 144, 90 S.Ct.
> 1598, 26 L.Ed.2d 142).

*Rouse v. De Lorenzo*, 2011 WL 9535875, at *1 (N.D.N.Y. Dec. 20, 2011).  Here, Plaintiff

has not alleged that any of the Defendants were acting under color of state law, or

collaborated or conspired with anyone acting under color of state law.  As such, the Court

recommends this claim be dismissed.  *See Osipova v. J&J Holding Co.*, 2007 WL 430423,

at *3 (S.D.N.Y. Feb. 8, 2007) ("For Plaintiff to be able to maintain a claim that she was

deprived of rights secured by these amendments to the Constitution, she must be able to

plead that defendants are "state actors"; otherwise, the First, Fourth, and Fourteenth

Amendments would not apply to them").

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant

without granting leave to amend at least once 'when a liberal reading of the complaint

gives any indication that a valid claim might be stated.'"  *Bruce v. Tompkins Cty. Dep't*

*of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting

5

*Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)).  However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice is appropriate.  *Kunz v. Brazill*, 2015 WL 792096, at *3 (N.D.N.Y. Feb. 25, 2015).  Here, it is possible that Plaintiff could make out a proper claim if given the opportunity to replead. Therefore, given Plaintiff's *pro se* status, the Court recommends that Plaintiff be given an opportunity to replead this claim before it be dismissed.

### 2. *Plaintiff's Section 1981 Claim*

As for Plaintiff's claim under 42 U.S.C. § 1981, "[t]o establish a claim under 42 U.S.C. § 1981, plaintiffs must allege facts supporting the following elements: (1) plaintiffs are members of a racial minority; (2) defendants' intent to discriminate on the basis of race; and (3) discrimination concerning one of the statute's enumerated activities." *Brown v. City of Oneonta, New York*, 221 F.3d 329, 339 (2d Cir. 2000).  Such allegations must be specific and non-conclusory.  *Boomer v. Bruno*, 134 F. Supp. 2d 262, 269 (N.D.N.Y. 2001).  Here, Plaintiff has not alleged that he is a member of a racial minority, or that any Defendant intentionally discriminated against him because of his race.  As such, the Court recommends this claim be dismissed.  *See Hyde v. GKN Aerospace*, 2012 WL 3043161, at *5 (N.D.N.Y April 27, 2012).  As with Plaintiff's section 1983 claim, however, the Court recommends Plaintiff be permitted an opportunity to replead this claim.

### 3. Plaintiff's Section 1988 Claim

Plaintiff also mentions that he brings a claim pursuant to 42 U.S.C. § 1988. Compl. at ¶¶ 2 & 23. This section does not provide a cause of action; "rather, it governs actions or proceedings brought to enforce other civil rights provisions (such as Section 1981 or Section 1983)." *Roundtree v. City of New York*, 778 F. Supp. 614, 617-18 (E.D.N.Y. 1991); *see also Ross v. Aramark Corp.*, 2019 WL 1172383, at *7 (S.D.N.Y. Mar. 13, 2019). As such, to the extent Plaintiff intended to assert a separate Section 1988 claim, it cannot proceed, and the Court recommends it be dismissed with prejudice.[1]

## II. CONCLUSION

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff's claims under Section 1983 and Section 1981 be **DISMISSED WITHOUT PREJUDICE**; and it is further

**RECOMMENDED**, that Plaintiff's claims under Section 1988 be **DISMISSED WITH PREJUDICE**; and it is further

---

[1] Plaintiff also asserts in his Complaint that "[t]his Court has jurisdiction over the action as all defendants are equally based in another state out side of New York where the allege[d] violations took place." Compl. at ¶ 3. Plaintiff's civil cover sheet provides that the basis of jurisdiction for this matter is Federal Question, *see* Dkt. No. 1-1 at p. 1, and his causes of action are all based in federal law, *see* Compl. at ¶¶ 2 & 15-27. However, to the extent that Plaintiff intended to bring this case pursuant to diversity jurisdiction, he fails to allege the Corporations' states of incorporation and principal places of business, as well as the individual Defendant's citizenship. 28 U.S.C. § 1332(c); *Kruglov v. Copart of Connecticut, Inc.*, 771 Fed. Appx. 117 (2d Cir. July 2, 2019) (summary order). As such, the Complaint fails to properly plead complete diversity. *See Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd.*, 777 F. Supp. 1153, 1156-57 (S.D.N.Y. 1991). In addition, in order to plead diversity jurisdiction, Plaintiff must plead a minimum of $75,000 in damages. Here, the amount of money he has allegedly lost to Defendants is $359 on a contract for $4,579. The Court would advise that, should Plaintiff seek to contend that this action is subject to this Court's jurisdiction because of diversity in any amended complaint, he provide a more detailed basis to support a finding that his claims could support a damages award exceeding $75,000.

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[2] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date:  July 29, 2019
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

---

[2] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).